## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

GREAT LAKES TRANSPORTATION
HOLDING LLC, d/b/a METRO
CARS,

          Plaintiff,

Case No.:

Judge:

vs.

AAA METRO CAR
TRANSPORTATION LLC, MARISSA
REYNOLDS, and AHMED AL-
JUMAIL,

          Defendants.
_____

Paul Stewart (P79977)
DYKEMA GOSSETT PLLC
2723 South State Street, Suite 400
Ann Arbor, Michigan 48104
(734) 214-7629
pstewart@dykema.com

Jennifer Fraser
DYKEMA GOSSETT PLLC
1100 K St., NW, Suite 1100 West
Washington, DC 20005
202-906-8712
jfraser@dykema.com

*Attorneys for Plaintiff Great Lakes*
*Transportation Holding LLC*

_____

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Great Lakes Transportation Holding LLC, by its attorneys Dykema

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·2723 SOUTH STATE STREET, SUITE 400·ANN ARBOR, MICHIGAN 48104

Gossett PLLC, states as follows for its Complaint against Defendants AAA Metro Car Transportation LLC ("AAA"), Marissa Reynolds, and Ahmed Al-Jumail:

## NATURE OF ACTION

1.      Defendants provide chauffeur/limousine and other transportation services ("Defendant Services") and use the website www.aaametrolimo.com ("Defendant's Website") to advertise and sell their services.  Defendants advertise and sell their services on Defendant's Website using the identical trademark to Plaintiff's federally registered METRO CARS mark for identical services. Defendant's Website uses the registered METRO CARS trademark prominently in bold on its home page and other advertising, as well as in the metatags to divert those searching for the well-known METRO CARS mark.  Plaintiff has been compelled to bring this action for federal and state trademark infringement and unfair competition because Plaintiff has priority of use of the longstanding METRO CARS trademark, and because of the likelihood of confusion in the relevant market between Plaintiff's' METRO CARS trademark and Defendants' use of AAA METRO CAR and AAA METRO CARS', and variants thereof (collectively, "Defendant Marks"). Plaintiff has repeatedly alerted Defendants to this concern and Plaintiff's rights in the METRO CARS trademark in 2023, with Defendants modifying its use on the website www.aaametrocars.net after Plaintiff's objections.  Despite such prior notice, Defendants registered the domain

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

name www.aaametrolimo.com, began using the Defendant Marks again on the new domain, and continue to offer and provide identical services under the METRO CARS name in competing and overlapping trade channels to at least some of the same customers and have advertised in at least some of the same media, thereby willfully infringing Plaintiff's rights in the METRO CARS trademark with potential harm to Plaintiff's reputation, Plaintiff's customers, and Plaintiff's services.

2.      This is a civil action for:  (i) trademark infringement arising under Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including willful infringement; (ii) unfair competition, use of false designations of origin in commerce, and false advertisement, arising under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a); (iii) trademark dilution, arising under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(c); (iv) violation of the Michigan Deceptive Trade Practices Act under Mich. Comp. Stat. § 445.901 et seq.; (v) common law unfair competition under the common law of the State of Michigan; and (vi) unjust enrichment under the common law of the State of Michigan.

## THE PARTIES

3.      Plaintiff Great Lakes Transportation Holding Company, LLC d/b/a Metro Cars, ("Metro Cars" or "Plaintiff"), is a Michigan corporation with its

3

principal place of business located at 24957 Brest Road, Taylor, Michigan, 48180. For many years, Plaintiff Metro Cars has been engaged in and now is engaged in the provision of luxury sedan chauffeuring and other transportation services ("the "Services" or "Plaintiff Services"), and has used the METRO CARS trademark to identify its services for over 30 years.

4.      Upon information and belief, Defendant AAA is a Michigan limited liability company with its principal place of business at 4421 Pelham St., Dearborn Heights, Michigan 48125.

5.      Upon information and belief, Defendant Marissa Reynolds is an owner and/or operator of AAA and resides at 4421 Pelham St., Dearborn Heights, Michigan 48125.

6.      Upon information and belief, Defendant Ahmed Al-Jumail is an owner and/or operator of AAA and resides at 4421 Pelham St., Dearborn Heights, Michigan 48125.

## JURISDICTION AND VENUE

7.      This is a suit for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1051 *et seq*.; unfair competition, false designation of origin, and false advertising under Section 43(a)(1) of the Lanham Act; trademark dilution under Section 43(c) of the Lanham Act; violation of the Michigan Deceptive Trade Practices Act under Mich. Comp. Stat. § 445.901 et seq.; and for

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

common law unfair competition and unjust enrichment.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§1331 and 1338, and the doctrines of ancillary and pendent jurisdiction.

8.     Defendant AAA has submitted to personal jurisdiction in this Court because, *inter alia*, it is a Michigan limited liability company and has therefore availed itself to the rights and benefits of the laws of Michigan.  In addition, AAA is transacting and doing business within this judicial district and is committing the acts complained of herein within this judicial district.

9.     This Court has personal jurisdiction over Defendant Marissa Reynolds because she resides and has committed acts of trademark infringement and unfair competition in this judicial district.

10.     This Court has personal jurisdiction over Defendant Ahmed Al-Jumail because he resides and has committed acts of trademark infringement and unfair competition in this judicial district.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS

12.     Plaintiff Metro Cars is engaged in the business of providing luxury sedan chauffeuring and other transportation services.  Plaintiff has used the service

mark METRO CARS on or in connection with Plaintiff Services to distinguish them from the services of others for over 30 years.

13.     Plaintiff is the exclusive owner of all right, title and interest in the mark METRO CARS.  Plaintiff is the owner of the following United States federal trademark registrations (individually and collectively, "the "METRO CARS Mark"):

| Mark/Reg. No. | Registration Date | Services |
|---|---|---|
| METRO CARS Reg. No.: 1,908,853 | August 1, 1995 | Class: 39 chauffeured car for hire |

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN  48104

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

| Mark/Reg. No. | Registration Date | Services |
|---|---|---|
| METRO CARS and Design<br><br>**METRO CARS**<br><br>Reg. No. : 4,009,524 | August 9, 2011 | Class: 35<br><br>Transportation management services, namely, planning and coordinating transportation of people for others<br><br>Class: 39<br>Chauffeur services, namely, providing chauffeured automobiles, luxury automobiles and limousines for hire; luxury door-to-door ground transportation of passengers for business or personal travel by luxury automobile, limousine, executive van, mini bus and motor coach; airport ground transportation services; airport meet and greet services, namely, meeting and greeting passengers and directing them to a specific means of transportation; providing ground transportation to corporate customers in the nature of passenger shuttles; motor coach charter services; taxi transport service; medically-related para-transit ground transportation services |
| METRO CARS FL (Stylized)<br><br>**METRO CARS**_FL_<br><br>RN: 3,261,698 | July 10, 2007 | Class: 39<br><br>chauffeured car for hire |

14.     True and correct copies of Plaintiff's registrations are attached hereto as Exhibits A, B, and C ("Plaintiff's Registrations").   In addition, copies of the

assignment abstracts corresponding to Plaintiff's Registrations are attached hereto as Exhibits D, E, and F. Plaintiff's Registrations are in full force and effect, and are now incontestable.

15.    Plaintiff has devoted significant advertising resources and creative energies towards creating goodwill in the METRO CARS Mark. The METRO CARS Mark is distinctive, well known, and widely recognized by the consuming public as a designation of source, and specifically as a designation of source of Plaintiff Services. The METRO CARS Mark is a famous mark. The METRO CARS Mark is federally registered and Plaintiff uses the federal registration symbol for the METRO CARS Mark, as illustrated by the website page at Exhibit G, and the METRO CARS Mark is entitled to constructive notice under 15 U.S.C. § 1072.

16.    The METRO CARS trademark has been continuously used in commerce since at least as early as 1991. Plaintiff has devoted significant marketing, advertising, and financial resources to developing and establishing in the minds of consumers that the METRO CARS Mark signifies Plaintiff Services. As a result of these efforts, the METRO CARS Mark is widely recognized by the consuming public as a designation of source for the Plaintiff Services.

17.    Plaintiff expends significant revenue and resources in advertising and promoting its services using the METRO CARS Mark through various media, and

8

ensuring the METRO CARS Mark serves to identify the source of Plaintiff Services. Metro Cars has prominently displayed the METRO CARS Mark on the internet and owns the rights in the domain name www.metrocars.com, and has used the METRO CARS Mark in its advertising materials, on vehicles, on its website and/or on other materials promoting Plaintiff Services.

18. As a result of Plaintiff's promotion and marketing efforts and the quality of Plaintiff Services, the METRO CARS Mark is widely and favorably known. The METRO CARS Mark has become a valuable asset of Plaintiff Metro Cars and a symbol of its goodwill.

19. Due to Plaintiff's exclusive prior and continuous use, the METRO CARS Mark has become the exclusive property of Plaintiff Metro Cars. Furthermore, such use has caused the METRO CARS Mark to acquire a meaning associated exclusively with Plaintiff's Services and serves to distinguish its services from the services of others.

**Defendants' Activities with their Prior Domain Name**

20. Upon information and belief, Defendants Reynolds and Al-Jumail formed Defendant AAA in 2010 and Defendants, thereafter, commenced engaging in the business of providing chauffeur and other transportation services.

21. On information and belief, Defendant AAA, at the direction of Defendant Reynolds and/or Defendant Al-Jumail, marketed AAA's services on a

website, www.aaametrocars.net.  A copy of the website is attached as Exhibit H.

22.    On and around January 24, 2023, Plaintiff sent Defendant AAA a cease and desist letter, attached here as Exhibit I.  Approximately two days after receipt of the January 24, 2023 letter, the improper uses at www.aaametrocars.net were removed and the website was disabled.

## Defendants' Continuing Activities Resulting in, *Inter Alia*, Trademark Infringement and Unfair Competition

23.    Thereafter, Plaintiff became aware of Defendants' use of the METRO CARS Mark, or variations thereof, on the website www.aaametrolimo.com. Plaintiff sent Defendant AAA, addressed to Defendant Reynolds, a cease and desist letter on December 9, 2023 by email and certified mail, attached here as Exhibit J.  Plaintiff resent the same letter on December 21, 2023 by Federal Express shipping.  According to Federal Express, the shipment was received by "A.ALJUMAIL."  Exhibit K.

24.    As of the date this Complaint was filed, Defendants continue to market their services on the website https:/ www.aaametrolimo.com, which states "AAA METRO CAR" across the top and bottom in large, bold letters.  The site lists the phone number (734) 644-5555.  A copy of the home page and screenshots from Defendant's Website are attached as Exhibits L-R.



The website also states "If your responsibilities keep you on the road, AAA Metro Cars' Sedans/SUVs are both the luxury and affordable to travel with. Move with AAA Metro Cars' black chauffeurs and make your day memorable" and "If you've just stepped off a plane in Airport in Michigan, tired from a long flight, there can be no better antidote to your ailments than a AAA Metro Car Service that make your travel inexpensive and perfect ."  Exhibit L.

25.    The website at https://www.aaametrolimo.com repeatedly uses the METRO CARS Mark.  Exhibits L-R.  For instance, the "About Us" section of Defendant's Website states "WELCOME TO AAA METRO CAR" in large, bold, attention-getting lettering, while the homepage repeats the same phrase in smaller lettering.  Exhibits L-M.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104



The "About Us" section of Defendant's Website further states "AAA Metro Car offers transportation service for airport and local town rides, where you're a group of Friends visiting or a corporate group. AAA Metro Car professional staff will take care of every detail, ensuring punctuality, safety, and reliability," "What methods of payment are accepted by AAA Metro Car?," and "No, AAA Metro Car Transportation is a smoke-free fleet."  Exhibit M.

26.    The "Services" section of Defendant's Website states "In such a case, AAA Metro Cars is the name you can trust!" and "Keeping this in mind, AAA Metro Cars is offering top-notch transportation services at the best price in Windsor MI, Detroit MI, Dearborn MI, Novi MI, Ann Arbor MI, West Bloomfield Township MI, Troy MI, Rochester MI, Auburn Hills MI, Brighton MI. "  Exhibit N.  Reviews set forth in the "Reviews" section of the website state, "Your staff was

12

great, and all of our guests arrive on time through AAA Metro Car" and "Because of the success with my trip today I know there will be future bookings with AAA Metro Car." Exhibit O. The "Blog" section states "How to Rent an Affordable Metro Car." Exhibit P. The term "metro car" also appears repeatedly through the source code for Defendant's Website to ensure Defendant's Website is retrieved when a potential purchaser searches for Plaintiff's METRO CARS Mark. Exhibit S.

27.    Defendant(s) have been previously and repeatedly advised of Plaintiff's federal trademark rights in the METRO CARS Mark, and METRO CARS is well known, especially in the area where Defendants do business. As such Defendants have received actual and constructive notice of Plaintiff's rights in the METRO CARS Mark. Defendants are acting with full knowledge of Plaintiff's prior rights in the METRO CARS Mark and, despite this, are willfully infringing Plaintiff's METRO CARS Mark.

28.    It is likely that consumers will be confused by Defendants' use of the Defendant Marks. Defendants' use of the Defendant Marks is the same and/or similar to and conveys the same commercial impression as that of the METRO CARS Mark, especially because the Defendant Marks are used by Defendants in advertising and promoting chauffeur and other transportation services, which are identical to Plaintiff Services.

29.     The likelihood of confusion between the METRO CARS Mark and the Defendant Marks will continue until Defendants cease all use of the Defendant Marks and cease all sales and advertising of the Defendant Marks branded services.   Defendants' use of the Defendant Marks for chauffeur and other transportation services constitutes willful and intentional infringement and unfair competition, and is harmful to Plaintiff.

30.     Defendants' use of the Defendant Marks in connection with the Defendant Services is likely to cause confusion as to the source and origin of the Defendant Services and is likely to cause confusion, or to cause mistake, or to deceive the public and the trade as to the source or sponsorship of the Defendant Services and to falsely suggest a connection with Plaintiff, and mislead the public into believing that the Defendant Services emanate from, are approved or sponsored by, or are in some way associated or connected with Plaintiff.

31.     Defendants' use of the Defendant Marks in their advertising in connection with identical services falsely conveys that Plaintiff is affiliated with Defendants or otherwise misrepresents the nature, characteristics, and qualities of Defendant Services and commercial activities.  The advertising and continued use by Defendants of the Defendant Marks, upon information and belief, actually and materially deceived or has the capacity to materially deceive a substantial segment of the audience.

32.     Current and prospective customers looking for Plaintiff Services offered under the METRO CARS Mark and encountering the Defendant Marks are likely to be confused or deceived as to the source of the services and sales could thus be diverted to Defendants.

33.     Upon information and belief, Defendants' adoption and use of the Defendant Marks represents a deliberate attempt to trade unlawfully upon the goodwill associated with the METRO CARS Mark.

34.     Defendants' wrongful acts have caused and are causing irreparable injury and monetary damages to Plaintiff, and unless this Court restrains Defendants from further commission of these acts, Plaintiff will suffer further irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT I — TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114

35.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36.     Defendants' use of the METRO CARS Mark is likely to cause, and has actually caused confusion, mistake, or deception as to:

        (a)     Defendants' affiliation, connection, or association with Plaintiff; and/or

        (b)     the origin, sponsorship, or approval of Defendant Services or commercial activities by Plaintiff.

37.     Defendants' activities as described above constitute infringement of

the METRO CARS Mark in violation of Section 32(1) of the Lanham Act of 1946, as amended (15 U.S.C. § 1114(1)).

38.     Upon information and belief, Defendants adopted and first used colorable imitations of, and designations substantially identical to, Plaintiff's METRO CARS Mark with full knowledge of Plaintiff's ownership and rights of the METRO CARS Mark.  Therefore, Defendants have willfully infringed such rights.

39.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains that they are not entitled to in law or equity.

40.     Upon information and belief, Defendants intend to continue their willful infringing acts, unless restrained by this Court.

41.     Plaintiff has been damaged by Defendants' use of the above designations and is likely to be further damaged by Defendants' continued use of these designations, and Plaintiff has no adequate remedy at law.

## COUNT II — UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING UNDER 15 U.S.C. §1125(A)(1)

42.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

43.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Defendant Services are likely to confuse, mislead, or deceive

consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Defendant Services, and are intended, and are likely to cause, such parties to believe in error that the Defendant Services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff or that Defendants are in some way affiliated with Plaintiff.

44.    In addition, Defendants' use of the above designations misrepresents the nature, characteristics, and/or qualities of Defendant Services and commercial activities.

45.    Thus, Defendants' activities as described above constitute unfair competition, the use of false designations of origin in commerce, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. § 1125(a)).

46.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains that it is not entitled to in law or equity.

47.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

48.    Plaintiff has been damaged by Defendants' use of the above designations and is likely to be further damaged by Defendants' continued use of the designations, and Plaintiff has no adequate remedy at law.  In particular,

Defendants' use of the designation is likely to cause the METRO CARS Mark to lose its significance as an indicator of origin.

## COUNT III — TRADEMARK DILUTION
## UNDER 15 U.S.C. § 1125(c)

49.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

50.     Defendants' use of the METRO CARS Mark dilutes the distinctive quality of the METRO CARS Mark in violation of 15 U.S.C. § 1125(c) because, upon information and belief, the chauffeur and other transportation services provided by Defendants are inferior in quality to Plaintiff Services.

51.     Upon information and belief, Defendants willfully intended to trade on the reputation of Plaintiff or to cause dilution of the METRO CARS Mark. Upon information and belief, Defendants have made and will continue to make substantial profits and gains that it is not entitled to in law or equity.

52.     Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

53.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT IV — MICHIGAN DECEPTIVE TRADE PRACTICES
## UNDER MICH. COMP. STAT. § 445.901 ET SEQ.

54.     Plaintiff repeats and realleges each and every allegation set forth in

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

the preceding paragraphs as if fully set forth herein.

55.    Defendants, through their above-described conduct, have engaged in unlawful and unfair business practices within the meaning of the Michigan Consumer Protection Act, M.C.L.A. § 445.901 et seq. by causing a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendants' Services, where there is a high probability consumers will believe Defendant Services are provided by, sponsored by, endorsed by, or approved by, Plaintiff.

56.    On information and belief, Defendants' conduct is calculated to increase business and profits by confusing members of the public, thereby allowing Defendants to misappropriate the valuable goodwill of the METRO CARS Mark and unfairly compete with Plaintiff under the laws of Michigan.

57.    Plaintiff has suffered and will continue to suffer actual damages unless Defendants' conduct is enjoined.  Defendant's conduct in violation of MCL 445.903(1) entitles Plaintiff to its reasonable attorney's fees pursuant to MCL 445.911. In addition, because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Plaintiff's rights, an award of exemplary and/or punitive damages is justified.

### **COUNT V — COMMON LAW UNFAIR COMPETITION**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

58.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

59.    Plaintiff and Defendants are competitors, offering the same services, i.e., car and limousine services.

60.    Defendants' actions as set forth herein are designed to unfairly compete with Plaintiff and constitute unfair competition under the common law of the state of Michigan.

61.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains that they are not entitled to in law or equity.

62.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

63.    Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT VI- UNJUST ENRICHMENT

64.    Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

65.    Benefits have been conferred upon Defendants by Defendants' unauthorized use of the METRO CARS Mark. Defendants have received a benefit by avoiding the labor and expense of independently developing a source designating mark and the goodwill associated therewith.

20

66.    Defendants have appreciated, accepted, and retained these benefits.

67.    Upon information and belief, Defendants have further benefited by selling services they would not otherwise have been able to sell.  It is inequitable for Defendants to retain these benefits without the payment of value to Plaintiff.

68.    Defendants have been unjustly enriched at the expense of Plaintiff.

69.    Defendants activities as described above constitute unjust enrichment under the common law of the State of Michigan.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Court enters judgment in its favor against Defendants as follows:

A.    That Plaintiff's rights in and to the METRO CARS Mark are valid, enforceable and have been infringed by Defendants.

B.    That Defendants have willfully infringed Plaintiff's rights.

C.    That Defendants, their agents, servants, employees and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

(1)    using Plaintiff's METRO CARS Mark or colorable imitations thereof and other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights, including but not limited to any name containing the

words "Metro" and "Car" or "Cars" or "Limo" or "Limos" in close proximity;

(2)   advertising under Plaintiff's METRO CARS Mark, colorable imitations of  Plaintiff's METRO CARS Mark, including in the source code for any websites, or other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights;

(3)   operating any domain name containing the word "Metro" and "Car" or "Cars" or "Limo" or "Limos" in close proximity or any variations thereof which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights;

(4)   using the designation "Metro Cars" or "Metro Car" or "Metro Limos" or "Metro Limos" or any variations thereof within meta-tags for, or as html/source codes for, Defendants' websites, or buying key words for advertising online containing "Metro Car(s)";

(5)   using the designation "Metro Cars" or "Metro Car" or "Metro Limos" or "Metro Limos" or any variations thereof on Defendants' social media pages; and

(6)   otherwise infringing Plaintiff's rights in METRO CARS Mark and competing unfairly with Plaintiff.

D.      Pursuant to 15 U.S.C. § 1118, that Defendants deliver to Plaintiff for destruction all infringing articles (including, without limitation, all labels, advertisements, promotional materials, and brochures) within its possession, custody, or control and immediately discontinue use of the infringing websites that bear the Defendant Marks or any other designation, symbol, or device that is confusingly similar to the METRO Cars Mark.

E.      Pursuant to 15 U.S.C. § 1117(a), MCL 445.911, and the common law, that Defendant be directed to account to Plaintiff for all gains, profits, and advantages derived from Defendants' wrongful acts.

F.      Pursuant to 15 U.S.C. § 1117(a), that Plaintiff recovers from Defendants the greater of three times the amount of Defendants' profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action.

G.      Pursuant to MCL 445.911, that Plaintiff recovers from Defendants exemplary and/or punitive damages.

H.      Pursuant to 15 U.S.C. § 1117(a), that the Court determine that the case is exceptional and that Plaintiff recovers from Defendants its attorneys' fees and the costs of this civil action.

I.      Pursuant to MCL 445.911, that Plaintiff recovers from Defendants its attorneys' fees and the costs of this civil action.

J.     That Defendants are directed to file, with this Court, and serve on Plaintiff within thirty (30) days after the service of any temporary restraining order, and/or preliminary or permanent injunction a written report under oath setting forth in detail the manner and form, in which, Defendants have complied with the injunction.

K.     That Plaintiff is granted such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

Respectfully submitted,

Date: February 23, 2024                    DYKEMA GOSSETT PLLC


By:  */s/ Paul T. Stewart*
    Paul T. Stewart (P79977)
    2723 South State Street, Suite 400
    Ann Arbor, MI 48104
    (734) 214-7629
    pstewart@dykema.com

    Jennifer Fraser
    1100 K St., NW, Suite 1100 West
    Washington, DC 20005
    202-906-8712
    jfraser@dykema.com

    *Attorneys for Plaintiff*

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

## INDEX OF EXHIBITS

A.  U.S. Trademark registration number 1,908,853.

B.  U.S. Trademark registration number 4,009,524.

C.  U.S. Trademark registration number 3,261,698.

D.  Trademark assignment abstract for U.S. Trademark registration number 1,908,853.

E.  Trademark assignment abstract for U.S. Trademark registration number 4,009,524.

F.  Trademark assignment abstract for U.S. Trademark registration number 3,261,698.

G.  Homepage of www.metrocars.com.

H.  Homepage of www.aaametrocars.net.

I.  January 24, 2023 Cease and Desist Letter.

J.  December 9, 2023 Cease and Desist Letter.

K.  Federal Express Proof of Delivery

L.  Homepage of www.aaametrolimo.com.

M.  "About Us" Section of www.aaametrolimo.com.

N.  "Services" "About Us" Section of www.aaametrolimo.com.

O.  "Review" Section of www.aaametrolimo.com.

P.  "Blog" Section of www.aaametrolimo.com.

Q.  "Book Now" Section of www.aaametrolimo.com.

R.  "Contact Us" Section of www.aaametrolimo.com.

S.  Source Code from Homepage of www.aaametrolimo.com.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104